IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. WHITE, # 13888-084, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cv-683-JPG |
| | ) |
| UNITED STATES of AMERICA, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for consideration of Plaintiff's Motion for Joinder and for Waiver of Filing Fees (Docs. 2, 3[1]). Plaintiff filed this motion along with his Complaint on June 30, 2017. As shall be explained below, this motion shall be denied.

Subsequent to filing the above motion, Plaintiff filed his motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 9) at the direction of the Court. The Court shall reserve ruling on the IFP motion at Doc. 9 until Plaintiff provides his full prisoner trust fund statement for the period from December 1, 2016 to June 30, 2017, as ordered in Doc. 10.

## Motion for Joinder and Waiver of Filing Fee (Docs. 2 & 3)

According to Plaintiff's motion, he was "forced" to file the instant action, because this Court had not yet issued a ruling on Plaintiff's motions to alter or amend the judgment which dismissed Plaintiff's earlier action in this Court, *White v. United States*, Case No. 16-cv-968-JPG. (Doc. 2, p. 3). The instant motion seeks, in part, to join the present case with Case No. 16-cv-968-JPG. Plaintiff states that his original Complaint (Doc. 1) brings essentially the same

---

[1] The court's docket includes a distinct entry at Doc. 3 to reflect Plaintiff's request for a waiver of the filing fee in this case that was included in Doc. 2.

1

claims as he brought in Case No. 16-cv-968-JPG. (Doc. 2, p. 2). Since filing this motion, Plaintiff's original Complaint has been superseded by his First Amended Complaint (Doc. 8), which (like the original pleading) asserts a Federal Tort Claim over injuries he allegedly suffered while in the custody or control of federal authorities between October 2008 and June 2015.

In Case No. 16-968, the undersigned Judge initially dismissed 8 of the 13 counts in that action with prejudice, for falling outside the statute of limitations and for failure to exhaust administrative remedies before filing suit. (Doc. 15 in Case No. 16-968). Five other counts were dismissed without prejudice for failure to exhaust administrative remedies; Plaintiff was instructed that he could file another suit to pursue those tort claims after he had accomplished exhaustion. In the instant case, Plaintiff includes two letters indicating that he has exhausted some claims. (Doc. 8, pp. 13, 15). Another letter (from the United States Marshals Service) indicates that other claims are still under administrative consideration. (Doc. 8, p. 24). Plaintiff states that he filed the instant action out of concern that his window under the applicable statute of limitations will soon close. (Doc. 2, p. 3).

Plaintiff's request that he be excused from paying a filing fee for this action, which is tied to his request to consolidate this case with Case No. 16-968, shall be denied. On August 10, 2017, in Case No. 16-968, the Court granted in part Plaintiff's motions to alter or amend the judgment, insofar as the dismissal of all counts was changed to a dismissal without prejudice. (Doc. 21 in Case No. 16-968). The Court confirmed, however, that dismissal of the claims and of that action was proper, because to the extent that officials of the United States Marshals Service allegedly caused the damages at issue, Plaintiff's claims remained unexhausted. (Doc. 21, p. 13-14, in Case No. 16-968). Because Plaintiff's earlier-filed case, *White v. United States*, Case No. 16-cv-968-JPG, has been closed, the instant case shall not be consolidated with it.

It was Plaintiff's choice to file the instant case, and by doing so, he incurred the obligation to pay the filing fee for this action. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998); *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997). The necessity of bringing a new suit after accomplishing exhaustion of administrative remedies is the consequence that follows when a suit was filed prematurely before exhaustion was completed.

For these reasons, Plaintiff's Motion for Joinder and for Waiver of Filing Fees (Docs. 2 & 3) is **DENIED**.

Plaintiff is further advised that his First Amended Complaint (Doc. 8) is undergoing threshold review pursuant to 28 U.S.C. § 1915A, and has not yet been served on the Defendant. A copy of the Court's order will be forwarded to Plaintiff as soon as this review is completed.

**IT IS SO ORDERED.**

**DATED: August 16, 2017**

*s/J. Phil Gilbert*
United States District Judge