# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. WHITE, #13888-084, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 17-cv-00683-JPG |
| vs. ) | Case No. 18-cv-01682-JPG |
| ) | |
| U.S.A., ) | |
| ) | |
| **Defendant,** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff William White filed a Motion to Consolidate Case No. 17-cv-00683-JPG ("2017 case") with Case No. 18-cv-01682-JPG ("2018 case"). Federal Rule of Civil Procedure 42 allows the court to consolidate actions that involve one or more common questions of law or fact. *See* FED. R. CIV. P. 42(a). The purpose of Rule 42(a) is to promote judicial efficiency without prejudicing any parties to the action. *U.S. v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945), *judgment aff'd*, 328 U.S. 654, 66 S.Ct. 1304, 90 L.Ed. 1500 (1946); *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970). When deciding whether to consolidate cases, courts have broad discretion. *See U.S. v. Knauer*, 149 F.2d at 520.

Plaintiff points out that both cases involve claims against the United States under the Federal Tort Claims Act ("FTCA"). The 2017 case involves two claims of negligent infliction of emotional distress and two claims of intentional infliction of emotional distress by staff at the United States Penitentiary in Marion, Illinois ("USP-Marion"). The 2018 case involves one claim of medical negligence and one claim for negligent infliction of emotional distress at USP-Marion.[1]

---

[1] The court recently dismissed two other claims for negligent spoliation of evidence.

1

Despite some common questions of law that apply, the claims do not share enough common questions of fact to justify consolidation of the cases. The 2017 case focuses on events that transpired during two discrete time periods—June 8, 2015, and July 4-6, 2017. The 2018 case arises from events that began on June 28, 2016 and continued thereafter. Given the different time periods, the claims involve different facts.

Moreover, both cases have progressed at different paces. In the 2017 case, Defendant recently moved for summary judgment on the merits. In the 2018 case, Defendant has not yet answered the Amended Complaint, and no scheduling and discovery order has been entered. While the 2017 case is entering its late stages, the 2018 case remains in its infancy.

In light of these considerations, the Court declines to consolidate the cases at this time because doing so would not promote judicial efficiency. Plaintiff's Motions to Consolidate Cases (Doc. 85, 2017 case; Doc. 32, 2018 case) are **DENIED**.

**IT IS SO ORDERED**.

**DATED: 9/21/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**