IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. WHITE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 17-cv-00683-JPG |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) |

**UNITED STATES OF AMERICA'S MOTION TO REVOKE
*IN FORMA PAUPERIS* STATUS AND TO DISMISS THIS ACTION
WITH PREJUDICE**

The United States of America, by and through its attorneys, Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois and Suzanne M. Garrison, Assistant United States Attorney, states as follows in support of its motion to revoke Plaintiff's *in forma pauperis* status and to dismiss this action pursuant to 28 U.S.C. § 1915(e)(2):

**INTRODUCTION**

On June 30, 2017 and acting *pro se,* Plaintiff filed this Federal Tort Claims Act suit seeking $10 million based upon his allegations that the Bureau of Prisons has been torturing him since 2008. (Doc. 1). On August 14, 2017 Plaintiff filed a Motion and Affidavit to Proceed in District Court without Prepaying Fees and Costs using the standard preprinted form. (Doc. 9). The top of the form advises that the information is being submitted under penalty of perjury. (Doc. 9 at 1). The form is drafted in plain language and is intended for laypersons. Plaintiff swore on the affidavit that in the prior twelve months he had received no income from gifts or any other sources. *Id*. at 1. Plaintiff signed the affidavit under the following attestation: "I declare under penalty of perjury that the above information is true. I understand that a false statement may result in a dismissal of my claims." (Doc. 9 at 2). On August 21, 2017 Plaintiff filed a motion for

recruitment of counsel which alleged that he suffered from mental impairments as a result of his conditions of confinement and that restrictions on his ability to communicate prevented him from retaining counsel. (Doc. 12, 13). On August 28, 2017 BOP filed the required prisoner trust account statement, which then held $331.81. (Doc. 17).

By Order of October 2, 2017 Magistrate Judge Williams concluded that Plaintiff was indigent and appointed counsel for him. (Doc. 30). The order appointing counsel states that, "The Court has doubts that Plaintiff can represent himself in this matter. Plaintiff has made numerous unnecessary filings, and the Court has doubts as to Plaintiff's ability to follow any instructions to stop filing such documents. The Court does not believe that Plaintiff is competent to represent himself in this matter going forward[1]." (Doc. 30 at 2). Thereafter, the docket reflects periodic receipt of payments toward the filing fee. Appointed counsel filed a 54-count, 122 page Second Amended Complaint on behalf of Plaintiff. (Doc. 49). All that remains in this District are four counts[2], and the United States has moved for summary judgment. (Doc. 70, 72, 84). A Sworn declaration Plaintiff filed in the Western District of Virginia constitutes evidence that the financial affidavit filed in this case was false when filed, warranting dismissal with prejudice pursuant to 28 U.S.C. § 1915(e)(2). The Court may take judicial notice of other federal proceedings if the proceedings related to the matter at bar. *See Green v. Warden, U.S. Penitentiary*, 699 F.2d 364

---

[1] Plaintiff has mischaracterized this finding in a filing of May 2, 2019 in the Middle District of Florida stating that, "In the Southern District of Illinois, I was appointed counsel after the Magistrate Judge found that the symptoms of my injuries are such that I was likely not competent to try the case, said symptoms having been much more severe at that time." *White v. Shaw et al.*, MDFL No. 14-cv-936 (Doc. 216 at 2). Similarly, in a filing in the Western District of Virginia, Plaintiff stated that the Southern District of Illinois found me "incompetent to litigate some civil matters pro se as a result of a brain injury sustained under said torture." *USA v. White*, :MDFL No. 13-CR-13 (Doc. 372 at 10-11). Nothing in Magistrate Judge Williams' order appointing counsel in this case finds that Plaintiff suffers brain injury as a result of the torture alleged in this case. (Doc. 30).

[2] As a result of this Court's finding that venue was inappropriate in this District as to other counts (Doc. 72), there are now three pending suits in other districts. *White v. USA*, WDOK No. 20-cv-141; *White v. USA*, MDPA No. 20-cv-291; *White v. USA*, WDPA No. 20-cv-28. The false affidavit to proceed *in forma pauperis* is docketed in those three cases as well.

(7th Cr. 1983).

## BACKGROUND

In a 600-page motion for compassionate release filed on October 5, 2020, Plaintiff submitted a sworn declaration in the Western District of Virginia which represents that during the last five years he has had benefactors who have provided tens of thousands of dollars to assist him in litigation. *United States v. White*, WDVA No. 08-cr-00054-EKD (Doc. 411 at 8, ¶ 27; 116 ¶ 310)(Att. 1). Plaintiff advised the district court that:

> My friend Paul Angel collects money for my legal defense which he transfers to my mother to repay the money she's advanced me over the past twelve years to pay them. In 2019, my friends, family, and, supporters, contributed about $30,000 to pay my legal and personal expenses. This year, I anticipate over $20,000 will be contributed towards the same. Over the past five years, I would estimate that 150-200 persons not related me have made donations towards my legal costs. *United States v. White*, WDVA No. 08-cr-00054-EKD (Doc. 411 at 116 ¶ 310)(Att. 1).

The above quoted statement, made under oath, is a sworn admission that Plaintiff received income or gifts beginning in 2015, thus making his motion to proceed *in forma pauperis* in this case false when filed on August 14, 2017. The motion to proceed *in forma pauperis* filed on August 25, 2016 in the prior version of this suit was also false. *White v. USA,* SDIL No 16-cv-948-JPG (Doc. 2).

Other submissions in public filings corroborate Plaintiff's statements regarding his receipt of funds by donors. In a Freedom of Information Act (FOIA) lawsuit, Plaintiff submitted a copy of an advertisement for his legal defense fund which reflected solicitation of financial contributions. *White v. FBI et al.* 17-cv-948-JPG (Doc. 25-6 at 30)(Att. 2). In another submission, Plaintiff advised a district judge in the Middle District of Pennsylvania that he has paid a psychologist, Dr. Samuels, $14,000 for a report characterizing Plaintiff's mental health and that another $6,000 to $10,000 in funds are available to have Psychologist Samuels testify if

needed. *White v. USA*, M.D. PA No. 20-cv-291-MWB-EBC (Doc. 106 at 1)(Att. 3). There is also a possibility that Plaintiff has income from book sales (Att. 4) and from sales of documents he has obtained via the FOIA. (Att. 5, retrieved from https://issuu.com/presspad/docs/i25395/7).

## DISCUSSION

Plaintiff concealed financial resources from this Court in his application to proceed *in forma pauperis*. Plaintiff also had a duty to update the Court as to changes in his financial condition and he failed to do so. *Childress v. Kerr*, 803 F. App'x 949, 952 (7th Cir. 2020)(indigent litigant did not supply the district court with the information needed to determine whether "at any time," the allegation of poverty was untrue), citing *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002)(upholding district court's decision to dismiss with prejudice in part because plaintiff had failed to update his pauper application after receiving retirement benefits and noting that a monetary sanction would probably be difficult to collect from a litigant assiduous in concealing assets). Under 28 U.S.C. § 1915(e)(2), notwithstanding whether the filing fee has been paid in part or in full, the Court *shall dismiss* a case at any time if the Court determines that the allegation of poverty is untrue. (emphasis added).

The only question before the Court where there has been a misrepresentation regarding financial condition is whether dismissal should be with or without prejudice. *Thomas*, 288 F.3d at 306 (7th Cir. 2002). As Chief Judge Easterbrook has said in another, but not unrelated context, "[p]laintiffs who attempt to deceive federal judges… cannot expect favorable treatment on matters of discretion." *Campbell v. Clarke*, 481 F.3d 967 (7th Cir. 2007), cited in *Mullins v. Hallmark Data Sys.*, LLC, 511 F. Supp. 2d 928, 930 (N.D. Ill. 2007).

Since receiving leave to proceed IFP in this case, Plaintiff has accumulated at least three prior strikes and is ineligible for IFP status absent an allegation of imminent harm. 28 U.S.C. §

1915(g). *White v. Lemma*, No. 19-13650 (11th Cir. 1/27/20). Plaintiff has extensive experience litigating cases on behalf of himself, and his litigation history spans thirteen pages. *White v. BOP et al.*, SDIL No. 20-cv-751-JPG (Doc. 1 at 4-16). Plaintiff also litigates on behalf of other inmates, as he indicated in a declaration filed in *Smadi v. True*, SDIL No. 18-cv-555-DRH. (Att. 6). Dismissal of this suit with prejudice is an appropriate remedy to deter him from endeavoring to defraud the Court in the future. Any monetary sanction would likely be paid with donations.

## CONCLUSION

It is possible that appointed counsel in his case has incurred expenses in pursuing this litigation on behalf of Plaintiff. Indeed the Order appointing *pro bono* counsel in this case recognizes that if there is no recovery in this case appointed counsel may be left with expenses which the Court has the discretion to reimburse. (Doc. 30 at 3). The Court indicates that it has no authority to pay attorney's fees. (Doc. 30 at 4). Plaintiff has also stated in his declaration filed in the Western District of Virginia that upon his mother's death, he will become the beneficiary of her trust and anticipates that its value is over $1 million and is "creditor-proof." (Att. 1 at 3). *United States v. White*, WDVA No. 08-cr-00054-EKD (Doc. 411 at 116 ¶ 315). This information is also omitted from Plaintiff's application for leave to proceed *in forma pauperis* and is disclosed to the Court and Counsel in the event that there are litigation expenses for which reimbursement is sought in the future. (Doc. 9 at 2).

WHEREFORE, the United States moves for an order dismissing this case with prejudice.

    Respectfully submitted,

    STEVEN D. WEINHOEFT
    United States Attorney


    *s/ Suzanne M. Garrison*
    SUZANNE M. GARRISON
    Assistant United States Attorney
    United States Attorney's Office
    Nine Executive Drive
    Fairview Heights, IL 62208-1344
    Phone:  618-628-3700
    Fax:  618-622-3810
    E-mail:  Suzanne.Garrison@usdoj.gov