IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. WHITE, 13888-084, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 17-cv-00683-JPG |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court on Plaintiff William White's Motion to Disclose Any and All Ex Parte Communications Between Itself, Its Staff, and the United States and to Recuse for Apparent or Real Bias. (Doc. 108). White filed the Motion after the Court entered an Order Granting Defendant's Motion to Revoke Plaintiff's In Forma Pauperis Status and Dismiss Case. (Doc. 102). For the reasons set forth herein, the Motion is **DENIED**.

### DISCUSSION

Two situations compel a federal judge to recuse himself. *See* 28 U.S.C. § 455. First, a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The standard in any case for a [Section] 455(a) recusal is whether the judge's impartiality could be questioned by a reasonable, well-informed observer." *In re Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998). Put differently, Section 455(a) "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996). Absent exceptional circumstances, however, a judge's adverse ruling in a case provides grounds for an appeal and not disqualification. *Id*. at 355.

1

Second, under Section 455(b)(1), a judge must recuse himself if "he has a personal bias or prejudice concerning a party." *Id*. In order to trigger disqualification under this provision, the party must put forth "compelling evidence" of the bias or prejudice, and it must be grounded in "some personal animus or malice that the judge harbors . . . of a kind that a fair-minded person could not entirely set aside when judging certain persons or causes." *Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 640 (7th Cir. 2002) (internal quotation marks omitted).

White's motion does not satisfy any of these requirements. He points to no actual or apparent prejudice on the part of the undersigned. He identifies no actual or apparent bias, such as personal malice or animus. *See* 28 U.S.C. § 144 (setting forth procedure for recusing judge based on personal bias or prejudice by filing an affidavit stating the "facts and reasons for the belief that bias or prejudice exists"). He instead objects to the Government's decision to file a motion seeking revocation of his *in forma pauperis* ("IFP") status and dismissal of the case, but that decision was the Government's to make. White also objects to the Court's decision to grant the motion and require him to pay the remaining $50.00 filing fee for this action. (Doc. 108, ¶¶ 1, 3-4, 7-8, 16). However, that decision was the Court's to make based on the applicable law and the evidence and arguments presented. (*See* Doc. 102). An unfavorable decision, standing alone, falls short of the compelling evidence and/or exceptional circumstances required for disqualification.[1]

White also attempts to draw a connection between the Government's decision to file the motion, an increase in disciplinary and other retaliatory action taken against him in prison, and the Court's decision to grant the motion. (Doc. 108). He points to a $50.00 deposit of unknown origin

---

[1] If White wishes to challenge the unfavorable decision, he has several avenues to relief. He may file a motion seeking the district court's reconsideration of the decision pursuant to Federal Rules of Civil Procedure 54, 59, or 60. He may also file an appeal with the Seventh Circuit Court of Appeals. He has already pursued one of these avenues to relief by filing a Motion for Reconsideration (Doc. 103). This Court will take up the motion in a separate order.

into his trust fund account just one week before the Court's decision to grant Defendant's Motion to Revoke Plaintiff's *In Forma Pauperis* Status and Dismiss Case and require him to remit payment of the same amount. (*Id*. at ¶¶ 7, 8, 16). White states that "someone that I don't know deposit[ed] that money eight days before this Court order[ed] me to pay the same amount," so "there would have had to have been ex parte communication between the Court and the United States as to the imminence of an order directing me to pay $50." (*Id*. at ¶ 16). Not so. What White describes could have been--and actually was--a coincidence. Given all of this, the Motion (Doc. 108) shall be denied.

The Court would be remiss if it did not address White's increasing use of abusive language in the instant motion. In Document 108, White targets counsel, the Court, and the federal court system, as follows:

> ". . . My intent in not providing corroborating information was to cause the United States to believe that I could not provide such evidence. This, I expected, would cause someone like Ms. Garrison to appear in front of a fool of a federal judge, someone who would copy whatever she had to say as a 'factual finding' without any proof, and, once such an order was entered finding that no such confession occurred, I would produce corroborating evidence and again expose the federal justice system for the stupid, corrupt, and, arrogant, joke that it is."

(*Id*. at ¶ 2). This is not the first time White has made use of insults and abusive language in documents filed in this District. Twice last month, the Court warned him to refrain from verbal attacks on counsel, the parties, the court, and anyone else in his filings.[2] He will receive a third warning here.

---

[2] The Court previously entered a warning in *White v. Dept. of Justice, et al.*, No. 16-cv-948-JPG (S.D. Ill.), as follows: "In the future, in this and any other case, the Court will summarily strike any of White's filings that contain such inappropriate *ad hominem* attacks and may not allow him to amend the filing." (Doc. 192 at n. 1) ("first warning"). On the same date, in *White v. United States*, No. 18-cv-1682-JPG (S.D. Ill.), the Court also warned White to "refrain from filing any more pleadings containing language that is abusive toward the court, other parties, or others, and . . . **WARNED** [him] that such filings will be **STRICKEN** and returned to him without any further action by this Court. Moreover, he shall face sanctions that include,

#### DISPOSITION

The Motion to Disclose Any and All Ex Parte Communications Between Itself, Its Staff, and the United States and to Recuse for Apparent or Real Bias (Doc. 108) is **DENIED**. *See Fowler v. Butts*, 829 F.3d 788, 793 (7th Cir. 2016) (a district court's decision regarding recusal under Section 455(b) can be vindicated on appeal).

#### WARNING

Moreover, White is hereby **WARNED** for the third time to refrain from making abusive, gratuitous, and/or threatening comments directed at *anyone* in his filings. White stands **WARNED** that if he files any more documents in this District containing language that is abusive toward the court, counsel, parties, or anyone else, such filings will be **STRICKEN** and returned to him without any further action by this Court. Moreover, he shall face sanctions that include, but are not limited to, a monetary fine and/or a filing restriction for further abusive or frivolous filings.

**DATED: 3/9/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

---

but are not limited to, a monetary fine and/or a filing restriction for further abusive or frivolous filings." (*See* Doc. 41) (emphasis in original) ("second warning").

4