IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIAM A. WHITE, #13888-084,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 17-cv-00683-JPG |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court on Plaintiff William White's Response to this Court's Order to Show Cause. (Doc. 105). On December 23, 2020, the Court entered an Order revoking White's *in forma pauperis* ("IFP") status for misrepresenting his indigent status when seeking leave to proceed IFP and for failing to update the Court about changes in his finances thereafter. (Doc. 102). White was sanctioned with dismissal of the action with prejudice and ordered to pay the remaining $50.00 fee associated with this case. (*Id*. at 9). He was also ordered to show cause why he should not be responsible for the fees and costs of his representation in this matter. (*Id*.). The response deadline was January 13, 2021. (*Id*.).

White filed a timely Response,[1] but it shall be **STRICKEN**. The Court has repeatedly ordered White to refrain from using language in his filings that is abusive, threatening, or degrading toward counsel, the court, or anyone else. White's use of abusive language and litigation

---

[1] White states that he placed the Response in the prison mail on January 5, 2021. (Doc. 105, p. 3). It is considered timely under the "prison mailbox rule." *Taylor v. Brown*, 787 F.3d 851, 859 (7th Cir. 2015) ("[A] pro se prisoner's legal documents are considered filed on the date that they're tendered to prison staff in accordance with reasonable prison policies, regardless of whether they are ultimately mailed or uploaded.").

tactics have resulted in four such warnings from this Court to date. *See White v. Dept. of Justice, et al.*, No. 16-cv-948-JPG (S.D. Ill.) (*See* Doc. 192, p. 1 at n.1) ("first warning") (warning White that "[i]n the future, in this and any other case, the Court will summarily strike any of White's filings that contain such inappropriate *ad hominem* attacks and may not allow him to amend the filing"); *White v. United States*, No. 18-cv-1682-JPG (S.D. Ill.) (Doc. 41) ("second warning") (warning White to "refrain from filing any more pleadings containing language that is abusive toward the court, other parties, or others, and . . . **WARN[ING]** [him] that such filings will be **STRICKEN** and returned to him without any further action by this Court. Moreover, he shall face sanctions that include, but are not limited to, a monetary fine and/or a filing restriction for further abusive or frivolous filings"); *White v. United States*, No. 17-cv-683-JPG (S.D. Ill.) (Doc. 110) ("third warning") (same); *White v. Collis*, No. 20-cv-1117-JPG (S.D. Ill.) (Doc. 7) ("fourth warning") (warning White to refrain from filing any more documents containing the sensitive information outlined in Rule 5.2, as well as the home addresses, phone numbers, and other personal identifying information of public servants; warning him to refrain from filing any documents obtained pursuant to a request under the Freedom of Information Act and then altering, doctoring, or otherwise falsifying said documents; and warning him that any future attempts to put private or sensitive information into the public record shall result in **SANCTIONS** that include, and are not limited to, a filing restriction and monetary fines) (emphasis in originals).

      The Response represents one more example of White's abusive and harassing litigation techniques. (Doc. 105). It consists of six paragraphs. (*Id*.). In the opening paragraph, White states, "I make the following Response to the Court's nutty Order or December 23, 2020. . . ." (*See* Doc. 105, opening paragraph). In the second paragraph, he adds: "[T]he Court's order is based on a really nutty misapplication of the law, as well as the fabrication of factual statements

that have no basis in the record." (*Id*. at ¶ 2).  In the same paragraph, Plaintiff launches the following accusation at the Court:

> The fact is, Judge Gilbert, that you are too willing to accuse others based on no evidence and too little willing to review the law and the evidence and apply them in the even-handed way required of a federal judge. You do this in case after case after case and you don't just do it to me, and, I'm tired of it.

(*Id*.).  In the fourth paragraph, Plaintiff targets his *pro bono* counsel, stating: "Osman's pursuit of this case has not been ideal. . . . If he were defense counsel, he'd be ineffective." (*Id*. at ¶ 4). Plaintiff then attacks both counsel and the Court, "So, why should [Osman] be rewarded here simply because a judge whose legal reasoning has never been upheld by the Seventh Circuit in any of my cases wants to protect him and thinks he can pull one over on me, as he commonly does to prisoner litigants." (*Id*.).  In the closing paragraph, White states: "The Court's Order is nutty. . . . I suggest that this Court calm down, stop the faux outrage, and start applying the law to the facts instead of basing its orders on supposition and fantasy." (*Id*. at p. 3).  White then incorporates this same language into his supporting Declaration.  (Doc. 105, pp. 104-05, ¶ 1) ("This Court has entered a nutty, clearly erroneous Order based on supposition and fantasy.").

The Court will not tolerate White's continued use of offensive, abusive, and inflammatory language in his court filings.  The Response consists almost entirely of such language.  Accordingly, White's Response (Doc. 105) is **STRICKEN**.  The Clerk's Office is **DIRECTED** to **RETURN** Document 105 to White.  On or before **APRIL 23, 2021**, White is **ORDERED** to file a proper Response to the Order to Show Cause at Document 102 for consideration by this Court.

**DATED:  4/13/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**